IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KLAROAS NEIGHBORHOOD REDEVELOPMENT 132, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**KATHY AGUILAR**<br>**and DOES 1 to10, Inclusive,**<br><br>**Defendants.** | 1:13-CV-756  AWI BAM<br><br>ORDER REMANDING ACTION TO THE STANISLAUS COUNTY SUPERIOR COURT |

    Defendant Kathy Aguilar, who is proceeding pro se, removed this case from the Superior Court of the State of California in and for the County of Stanislaus ("Stanislaus County Superior Court") on May 21, 2013.  See Court's Docket Doc. No. 1.   The complaint filed in the Stanislaus County Superior Court is attached to the notice of removal, and it reveals that the state court action Defendant has removed is an unlawful detainer action.  The notice of removal states that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.  However, neither the notice of removal nor Defendant's answer to the state complaint indicate a specific federal question.

    A federal district court has "a duty to establish subject matter jurisdiction over a removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited

1  jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party
2  asserting jurisdiction.  Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris
3  USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  "The strong presumption against removal
4  jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court."
5  Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  That is, federal
6  jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal
7  in the first instance." Geographic Expeditions, 599 F.3d at 1107.  "If at any time prior to
8  judgment it appears that the district court lacks subject matter jurisdiction, the case shall be
9  remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001).
10 Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d
11 1251, 1257 (9th Cir. 1997); see also California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831,
12 838 (9th Cir. 2004).   Thus, the court "must dismiss a case when it determines that it lacks
13 subject matter jurisdiction, whether or not a party has filed a motion." Page v. City of Southfield,
14 45 F.3d 128, 133 (6th Cir. 1995).

15       "The presence or absence of federal question jurisdiction is governed by the 'well-
16 pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal
17 question is presented on the face of the plaintiff's properly pleaded complaint."  California v.
18 United States, 215 F.3d 1005, 1014 (9th Cir. 2000).  Under the "well-pleaded complaint" rule,
19 courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or
20 declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the
21 defendant may interpose." California, 215 F.3d at 1014.  Accordingly, "a case may not be
22 removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's
23 complaint and both parties concede that the federal defense is the only question truly at issue."
24 Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Wayne v. DHL Worldwide Express, 294
25 F.3d 1179, 1183 (9th Cir. 2002); see also Vaden v. Discover Bank, 129 S. Ct. 1262, 1278 (2009)
26 ("It does not suffice to show that a federal question lurks somewhere inside the parties'
27 controversy, or that a defense or counterclaim would arise under federal law.").
28       Here, Defendant has not shown that removal was appropriate.  The evidence before the

Court is that the Stanislaus County Superior Court case involves a single state law unlawful detainer action.  No federal cause of action is mentioned in the complaint.  Defendant does not even attempt to allege a violation of a federal statute in her answer or in the notice of removal.  Thus, this Court has no jurisdiction over this case.  Even if Defendant is attempting to remove this case on the basis of a potential federal defense, potential federal defenses cannot form the basis of this Court's jurisdiction.  See Vaden 129 S.Ct. at 1278; Caterpillar, 482 U.S. at 392; Wayne, 294 F.3d at 1183; California, 215 F.3d at 1014; GMAC Mortg., LLC v. Amaya, 2012 U.S. Dist. LEXIS 168261 (N.D. Cal. Mar. 21, 2012); Aurora Loan Servs., LLC v. Cromwell, 2010 U.S. Dist. LEXIS 136546 (C.D. Cal. Dec. 15, 2010).  Because there is no federal question apparent, and because all doubts concerning jurisdiction are resolved against removal, Defendant has failed to invoke this Court's jurisdiction.  Remand to the Stanislaus County Superior Court is appropriate and mandatory.  28 U.S.C. § 1447(c); Geographic Expeditions, 599 F.3d at 1107.

      Accordingly, IT IS HEREBY ORDERED that, per 28 U.S.C. § 1447(c), due to this Court's lack of subject matter jurisdiction, this case is REMANDED forthwith to the Stanislaus County Superior Court.

IT IS SO ORDERED.

Dated:   May 24, 2013

                                          SENIOR DISTRICT JUDGE